IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Charles Eugene McKnight, ) | Civil Action No. 8:04-23278-HFF-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| Richland County, ) | |
| Defendant. ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on December 15, 2004, seeking damages for alleged civil rights violations. The only named defendant was Richland County. On March 28, 2005, the defendant filed a motion for summary judgment. By order filed April 7, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 1, 2005, the plaintiff filed his response to the motion.

**FACTS PRESENTED**

The plaintiff is currently an inmate in the South Carolina Department of Corrections system. This lawsuit stems from the plaintiff's time at the Alvin S. Glenn Detention Center ("detention center") in Richland County, where the plaintiff was held as a pretrial detainee. The plaintiff alleges that he did not receive adequate or timely medical attention for a broken finger. He also complains about the conditions at the detention

center, alleging that it is overcrowded and that there are insects in the cells, and bugs in the food trays. He also complains that the temperature in the detention center is too cold, that the water is contaminated and there is rust in the showers, and that the toilet facilities are inadequate. The plaintiff also alleges that his bond is too high. In his prayer for relief, the plaintiff states that he wants "[the] lawsuit [to] be held against [the defendant]. Pay me for suffering the pain and what not." (comp. at 5).

## APPLICABLE LAW

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific,

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979); *Cooper v. Dyke,* 814 F.2d 941, 948 (4th Cir. 1987). Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Id.* (citing *Bell,* 441 U.S. at 53).

Absent a showing of expressed intent to punish on the part of the correctional officials, the determination of whether a particular action is punitive turns on whether it was rationally connected to legitimate non-punitive governmental objectives and whether it was excessive in relation to that purpose. *Bell*, 441 U.S. at 537-40; *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988).

The plaintiff contends that the defendant failed to render appropriate medical care with regard to his injured finger, arguing that the defendant was "deliberate indifference to cruel and unusual punishment to pain [sic]." (pl. resp. to m.s.j. at 2). Deliberate

3

indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).[1] The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Id.* at 102. This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Rogers v. Evans*, 792 F.2d 1052, 1058 (5th Cir. 1986). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999), *cert. denied*, *Grayson v. Royer*, 529 U.S. 1067 (2000).

## ANALYSIS

The plaintiff alleges that he was denied medical attention and treatment for his finger, which he alleges was broken when he was "arrested by bondsmen and ... beat up." (comp. at 3). In his complaint, the plaintiff alleges that he has permanent injury to his finger because nothing was ever done and the finger healed on its own. He alleges that the finger "is bent over to the palm of [his] hand." (comp. at 4). In his prayer for relief, the plaintiff alleges that he gets "picked at" by other people and that he "can't even carry [his] lunch tray" (comp. at 5).

---

[1] As discussed above, while pretrial detainees are afforded the protection of the Fourteenth Amendment rather than the Eighth Amendment, the deliberate indifference analysis is the same for both inmates and pretrial detainees. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

4

The defendant submitted affidavits of two detention center employees, Lt. Christopher Montjoy and Lt. Robbie Jean Watson. In his affidavit, Lt. Montjoy states that he has reviewed the plaintiff's inmate file, which is attached to the affidavit. Lt. Montjoy also states that the detention center subcontracts all medical services to Prison Health Services. He further states that "the detention center takes requests for medical attention from inmates and ensures that the inmates do receive medical attention from Prison Health Services in a timely manner." (Montjoy aff. at ¶ 9).

The medical records attached to Lt. Montjoy's affidavit show that the plaintiff received medical care while he was at the detention center. It appears that the plaintiff was seen on a regular basis by physicians and nurses at the detention center. The records show that the plaintiff was seen by medical staff, at the very least, on October 16, 2003; March 2, 2004; April 19, 2004; September 2, 2004; September 23, 2004; September 29, 2004; October 4, 2004 and October 5, 2004.

A claim of deliberate indifference to serious medical needs requires a greater showing than made here. The plaintiff quite simply has not shown that the defendant was indifferent to his medical needs. In fact, the medical records show that the plaintiff received treatment on numerous occasions. As such, the plaintiff's claims are merely bald allegations which are insufficient to survive summary judgment. *See White v. Boyle*, 538 F.2d 1077 (4th Cir. 1976)(conclusory allegations are insufficient to avoid summary judgment).

If anything, the plaintiff has raised allegations of medical malpractice. Section 1983 provides a remedy for violations or deprivations of rights secured by the Constitution or other laws of the United States, not ordinary state torts. *See Maine v. Thiboutot*, 448 U.S. 1 (1980); *Tucker v. Duncan*, 499 F.2d 963 (4th Cir. 1974)(section 1983 is not a federal remedy for ordinary state tort claims). To the extent that the plaintiff is attempting to bring a state law negligence claim, because it is recommended that the §1983 claims fail, the court should decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

5

The plaintiff also contends that the conditions of the detention center constituted cruel and unusual punishment, in violation of the Eighth Amendment. As noted above, in evaluating § 1983 claims of pretrial detainees relating to prison conditions, the Fourth Circuit, as a practical matter, does not distinguish between the Eighth and the Fourteenth Amendments and analyzes both situations under the same "deliberate indifference" standard. To state a *prima facie* Eighth Amendment claim for conditions of confinement, a two-prong test must be met: the plaintiff must be able to show that (1) there was a serious deprivation of a basic human need; and (2) that prison officials were deliberately indifferent to the prison conditions. *Wilson v. Seiter*, 501 U.S. 294, 300 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Shakka v. Smith*, 71 F.3d 162, 165 (4th Cir. 1995).

The first prong of the Eighth Amendment test requires a showing both (i) that conduct of which the plaintiff complains was so grave that it violated contemporary notions of decency and (ii) that the prison condition resulted in serious or significant physical or emotional injury. *Strickler v. Waters*, 989 F.2d 1375, 1379-81 (4th Cir.1993). Applying *Rhodes v. Chapman*, 452 U.S. 337 (1981), the Fourth Circuit has held that before a claim "of a constitutional magnitude can be said to exist, there must be evidence of a serious medical and emotional deterioration attributable to" the challenged condition. *Shrader v. White*, 761 F.2d 975, 979 (4th Cir. 1985); *see Sweet v. South Carolina Dep't of Corrections*, 529 F.2d 854 (4th Cir. 1975).

The second component of an Eighth Amendment claim is subjective. It requires that the defendant have had a sufficiently culpable state of mind. *Strickler*, 989 F.2d at 1379. "In prison condition cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). In *Farmer*, the Court held that a prison official is deliberately indifferent "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id. at 847.*

In his affidavit, Lt. Watson, who is "responsible for overseeing the maintenance and support of the Detention Center", states that the water in the detention center is tested annually, and that the detention center passed the test administered on October 7, 2004 (Watson aff. at ¶ ¶ 5-6). Lt. Watson further states that the temperature in the detention center is maintained at a constant temperature, 76-78 degrees in the winter and 70 -72 degrees in the summer (Watson aff. at ¶¶ 7-8). Lt. Watson also states that the detention center receives regular pest control from a licensed contractor and that "past exterminations have found no evidence of a [pest or rodent] problem." (Watson aff. at ¶¶ 9-12). Finally, with regard to the toilet facilities, Lt. Watson states: "Toilet facilities in the detention center are adequate. New toilets were recently installed. In addition, single occupancy cells are equipped with an individual bathroom. Open bay housing units have four commodes and four urinals." (Watson aff. at ¶ 13).

With regard to the prison conditions alleged by the plaintiff, including bugs, cold temperature, contaminated water, rusty showers, and "improper toilet facilities, the plaintiff has not alleged that he has suffered anything more than a bug bite and a headache, much less "a serious medical and emotional deterioration attributable to" the alleged conditions. *Shrader*, 761 F.2d at 979. Therefore, the plaintiff's claims should be dismissed.

The plaintiff also briefly makes an excessive bail claim. The plaintiff has failed to allege any facts concerning his bail, other than "excesses of bond being high". There is no allegation as to what his bond was, nor is there any indication that the defendant had anything to do with the setting of bond. As such, this allegation is insufficient to state a claim under Section 1983.

The plaintiff has named only Richland County as a party in this matter. In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state

7

law." While a county may be considered a "person" within the meaning of § 1983, in order to state a claim against a municipality or county under § 1983, the plaintiff must "identify a municipal 'policy' or 'custom' that caused plaintiff's injury." *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997)(county or other municipality may have 1983 liability if a "policy" of discrimination is shown); *see Monell v. New York City Dept. Of Social Servs.*, 436 U.S. 658, 694 (1978) (municipalities are liable under § 1983 only for "violations of federal law that occur pursuant to official governmental policy or custom). The plaintiff has put forward no evidence of any such county policy or custom. Accordingly, summary judgment is appropriate.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, this court recommends that the defendant's motion for summary judgment be granted.

IT IS SO RECOMMENDED.

s/ Bruce H. Hendricks
United States Magistrate Judge

January 25, 2006
Greenville, South Carolina